Carol DE LA HUNT, Appellant,

v.

FEDERAL COMMUNICATIONS COMMISSION, Appellee,

Minnesota Christian Broadcasters, Inc., Intervenor.

No. 03–1029.

United States Court of Appeals, District of Columbia Circuit.

Feb. 4, 2004.

Dan J. Alpert, Law Office of Dan J. Alpert, Arlington, VA, for Appellant.

John A. Rogovin, Daniel McMullen Armstrong, Associate General Counsel, Pamela Louise Smith, Counsel, Washington, DC, for Appellee.

Dennis Francis Begley, Matthew Homer McCormick, Reddy, Begley & McCormick, Washington, DC, for Intervenor.

Before EDWARDS and ROBERTS, Circuit Judges, and WILLIAMS, Senior Circuit Judge.

### *JUDGMENT*

This cause was considered on appeal of an order of the Federal Communications Commission and on the briefs filed by the parties. It is

**ORDERED** and **ADJUDGED** that the order of the Federal Communications Commission be affirmed.

Appellant Carol De La Hunt and intervenor, Minnesota Christian Broadcasters, Inc. (MCBI), were the only bidders in a closed auction for a new commercial FM radio station construction permit. MCBI won the auction, and subsequently complied with all post-auction payment deadlines. De La Hunt first filed a petition to deny MCBI's post-auction application, alleging that MCBI was not financially qualified and had falsely certified its financial qualifications. The Mass Media Bureau denied the petition, concluding that MCBI was financially qualified because it had made all required post-auction payments, and that De La Hunt had failed to allege facts that, even if true, would demonstrate that MCBI's application was inconsistent with the public interest. The Bureau also found De La Hunt's filing procedurally flawed because her allegations were not supported by affidavits. De La Hunt then filed a Further Petition to Deny based on new evidence, and a Petition for Reconsideration. The Bureau denied reconsideration, and dismissed the further petition as untimely. Upon application for review, the Commission agreed with the Bureau and rejected De La Hunt's contentions, on the ground that MCBI had made all required payments.

The FCC's decision was not arbitrary or capricious. MCBI and De La Hunt originally filed long form applications for the construction permit in 1995, prior to the advent of competitive bidding. After Congress, in 1997, amended Section 309(j) of the Communications Act to require competitive bidding for mutually exclusive broadcast licenses, the FCC adopted new rules to implement its auction authority, including rules that applied the competitive bidding process to resolve comparative cases filed before July 1, 1997. The FCC eliminated the financial qualification certification previously required on long form applications, explaining that "competitive bidding procedures provide adequate assurance that applicants will be financially qualified." *In re Implementation of Section 309(j) of the Communications Act – Competitive Bidding for Commercial Broadcast and Instructional Television Fixed Service Licenses,* 13 F.C.C.R. 15920, 15989 ¶ 176, 1998 WL 483588 (1998) *(Broadcast Auction Order).* The FCC decided that it would not evaluate pending financial certifications, concluding that financial qualification would be determined solely by compliance with auction payment rules. *Id.* at 15956 ¶ 99. Given that change, MCBI demonstrated its financial qualification by making all required auction payments.

The FCC stated in the *Broadcast Auction Order* that it remained concerned about "whether the winning bidder falsely certified ... financial qualifications." *Id.* In this case, the Mass Media Bureau determined that De La Hunt – "apart from a bare assertion to that effect" – "has presented no evidence that MCBI was not financially qualified as of the dates it certified those qualifications." *Reconsideration Letter Ruling,* Ref. No. 1800B3–TSN at 5 (Sept. 27, 2000). The Bureau explained that De La Hunt's allegations – even if not procedurally deficient – concerned only MCBI's ability to pay its winning auction bid. *Id.* The Commission was therefore not arbitrary or capricious in determining that MCBI's ability to make the required auction payments "ends our inquiry as to its financial qualifications and its allegedly false financial certification." *In re Application of Minnesota Christian Broadcasters, Inc.,* 18 F.C.C.R. 614, 620 ¶ 11, 2003 WL 132524 (2003).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for re-

hearing or rehearing *en banc.* *See* Fed.
R.App. P. 41(b);  D.C.Cir. Rule 41.